## Liquidation of Domestic Beneficial Society

ANNE X. ALPERN, Attorney General, and MICHAEL J. STACK, JR., Deputy Attorney General, January 13, 1961.—You have asked our opinion as to what statutory procedure should be followed in obtaining an order of liquidation for a domestic beneficial society.

Specifically, you ask whether the liquidation proceedings should be instituted by the Attorney General under section 8 of the Beneficial Societies Act of June 4, 1937, P. L. 1643, 40 PS §1108 [1], or by the Insurance Commissioner under section 502 of the Insurance Department Act of 1921, Act of May 17, 1921, P. L. 789, as last amended by the Act of March 22, 1956, P. L. 1328, 40 PS §202.[2]

---

[1] ". . . Whenever, after examination, the Insurance Commissioner is satisfied that any beneficial society is exceeding its powers or is transacting business fraudulently, or is in such condition that its further transaction of business will be hazardous to its members or to the public, or shall determine to discontinue business, the Insurance Commissioner may present the facts relating thereto to the Attorney General who shall, if he deem the circumstances warrant, proceed against such society in

It is our opinion that the proper procedure is under the Act of 1921 as amended.

Originally, suspension of the business of insurance companies, associations, exchanges, fraternal or beneficial societies was initiated by the Attorney General under section 502 of the Insurance Department Act of 1921, who, after receiving the facts from the Insurance Commissioner, and following a hearing before the Attorney General, applied to the common pleas court for an order to show cause why the business should not be closed and the Insurance Commissioner should not take possession of its property, etc. This was brought about by the 1935 amendment to the Act of 1921 which expanded the power of the Attorney General to include not only domestic insurance companies, associations and exchanges but also title insurance companies, fraternal benefit societies or beneficial societies.

---

the method prescribed by the laws of this State providing for the liquidation of insolvent or delinquent companies, orders or associations transacting any class of insurance.

"No such proceeding shall be commenced by the Attorney General against any such society until after notice has been duly served on the chief executive officers of the society, . . .

[2] "Whenever any domestic insurance company, association, exchange, title insurance company, fraternal benefit society, or beneficial society, or order, including all corporations, associations, societies, and orders which are subject to examination by the Insurance Commissioner or which are doing, or attempting to do, or representing that they are doing, the business of insurance in this Commonwealth, or which are in process of organization intending to do such business therein—(a) is insolvent: . . . The Insurance Commissioner, after examination, shall suspend the entire business of any such domestic insurance company, association, exchange, title insurance company, fraternal benefit society, or beneficial society, . . . Upon suspension of any such organization by the Insurance Commissioner upon any of the grounds set forth in any one of provisions (a) to (h) inclusive of this section, he shall after approval of the Attorney General apply to the court of common pleas . . ."

In 1937, the Beneficial Societies Act was enacted into law and substantially the same procedure was authorized in section 8 of that act with regard to liquidating insolvent or delinquent beneficial societies, as was authorized by section 502 of the Insurance Department Act of 1921.

Section 502 of the Insurance Department Act of 1921 was amended again in 1956, supra. This amendment changed the law to omit the requirement that the Insurance Commissioner shall communicate the facts to the Attorney General relating to suspension or liquidation of an insurance company, etc., and the hearing requirement before the Attorney General. Instead, the amendment requires that the Insurance Commissioner, after hearing, take this action himself with the prior approval of the Attorney General.

This amendment did not specifically change or repeal the provisions found in section 8 of the Beneficial Societies Act of 1937.

It is our opinion that the amendment to section 502 of the Insurance Department Act of 1921 supersedes the provisions of section 8 of the Beneficial Societies Act of 1937. This amendment, being later in date, had as its obvious intention the elimination of the hearing before the Attorney General. This intention is emphasized by the fact that section 502 specifically refers to beneficial societies, and, further, is a part of article 5 of the Insurance Department Law which deals with the suspension of business and involuntary dissolutions of all companies and relates to the general powers of the insurance department and Insurance Commissioner.

This interpretation is wholly consistent with principles of statutory interpretation. Section 63 of the Statutory Construction Act, Act of May 28, 1937, P. L. 1019, 46 PS §563, states:

"Whenever a general provision in a law shall be in

conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail."

Accordingly, it is our opinion and you are advised that the provisions of section 502 of the Insurance Department Act of 1921 are to be followed in the liquidation of beneficial societies and that the provisions found in section 8 of the Beneficial Societies Act of 1937 do not apply.